1  Sy Hearn
2  11225 Morrison St. Apt # 301
   North Hollywood, CA 91601-5356
   Tel: (310)913-0281
3  Email: syhearn@yahoo.com
4
5  Plaintiff

**FILED**
CLERK, U.S. DISTRICT COURT
November 24, 2020
CENTRAL DISTRICT OF CALIFORNIA
BY: __CMJ__ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SY HEARN, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO, N.A.; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC, AND DOES 1-10 inclusive, <br><br> Defendants. | CASE NO.: 2:20-cv-09415-RSWL-MRWx <br><br> [Assigned to: Hon. Ronald S. W. Lew] <br><br> **OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF SY HEARN** <br><br> Date: December 8, 2020 <br> Time: 10:00 a.m. <br> Location: First Street Courthouse <br> 350 W 1st Street, Los Angeles, CA 90012 |

Plaintiff, SY HEARN, hereby respectfully submits his opposition to Plaintiff's Counsel's Motion to Withdraw as Counsel for Plaintiff, as follows:

---

1

OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF SY HEARN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Good Cause For Withdrawal Does Not Exist.

Pursuant to *Local Rule 83-2.3.2* a motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action. Further, the motion for leave to withdraw must be supported by good cause.

Here, the written notice given to this plaintiff now acting temporarily in pro se on account of plaintiff's attorney's motion to withdraw did not result in sufficient advance notice by reason that this plaintiff is not a trained and experienced attorney familiar with the rules of court and procedures so as to have been able to act and oppose the motion to withdraw within the time allowed under said notice.

Additionally, this plaintiff does not believe good cause exists for the granting of the motion, in that, moving counsel is basing his motion on the grounds of an irreparable breakdown of the attorney-client relationship and this plaintiff has at all times relevant cooperated with moving counsel; and, has at all times been respectful to said counsel during any and all communications.

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance,* 810 F. Supp. 275, 276 (C.D. Cal. 1992). A trial court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case. See *La Grand v. Stewart,* 133 F.3d 1253, 1269 (9th Cir. 1998); *Stewart v. Boeing Co.,* No. CV 12-5621 RSWL (AGRx), 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013).

Courts should consider the following factors when ruling upon a motion to withdraw as counsel: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to the litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. See *Curtis v. Illumination Arts, Inc.,* No. C12-0991JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014); *Deal v. Countrywide Home Loans,* No. C09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010). Here, withdrawal will be highly prejudicial to this plaintiff.

2

OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF SY HEARN

State of California non-federal cases also have opined, as follows: A motion to withdraw "will not be granted where withdrawal would prejudice the client." *Ramirez v. Sturdevant (1994)* 21 Cal.App.4th 904, 915. In the instant case, prejudice will result to this plaintiff unless and until he is able to secure new counsel. Where withdrawal of counsel is not mandatory such as in this case, an attorney must normally continue representation on the matter undertaken. The fact that a matter proves unpleasant or unprofitable does not excuse attorney performance. The rules have been liberally construed to protect clients. See *Van v. Shilleh (1975)* 54 Cal.App.3d 192, 197; and, *Chaleff v. Superior Court (1977)* 69 Cal.App.3d 721.

## CONCLUSION

WHEREFORE, plaintiff's counsel's motion to withdraw as counsel should be denied, or alternatively, the matter should be continued for a period of 90 days to afford plaintiff a reasonable opportunity to obtain new counsel if the court is inclined to grant the motion.

Date: 11/23/2020

Respectfully submitted,

SY HEARN, Plaintiff

3

OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF SY HEARN

## DECLARATION OF SY HEARN

1. I am the plaintiff in this matter and have personal knowledge of the facts set forth below and if called upon to testify as to such matters I could and would competently testify thereto.

2. I am submitting this declaration in support of my Opposition to Motion to Withdraw as Counsel for Plaintiff which said motion filed by my current attorney of record, namely, the Law Offices of Todd M. Friedman, P. C.

3. My current attorney is requesting to withdraw from this action on the grounds that there has been an irreparable breakdown of the attorney-client relationship thus rendering said attorney's duties as unreasonably difficult, as alleged.

4. I respectfully request that this court deny my attorney's motion to withdraw on the grounds that if said motion is granted I will be severely prejudiced thereby, as more fully set forth below.

5. I retained my current attorney to represent me in pursuing claims against named defendants for violations of the California Consumer Credit Reporting Agencies Act and the federal Fair Credit Reporting Act. I have meritorious claims against defendants and my attorney agreed to represent me and to pursue my claims against all such defendants on a contingency basis.

6. That following service upon me of my attorney's motion to withdraw, I have been contacting other attorneys in hopes of securing and retaining new counsel to represent me and pursue my claims to fruition. However, I am experiencing great difficulty in securing new counsel, as evidenced by true and correct copies of email communications sent to me by two of the many lawyers I have contacted to date, namely, Nick Bontrager, and, Alexis Arteaga, which said emails are hereby collectively attached hereto and labeled **Exhibit "A"** and incorporated herein by such reference.

7. Prior to service upon me of the instant motion, my attorney had advised me that he would be filing a motion to withdraw, which came as a big surprise to me. In that, I have at

4

OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF SY HEARN

all times relevant cooperated with my attorney and whom I have addressed respectfully at all times.

8.  At the time I retained my attorney he was very confident that we would achieve good results and that's the reason I retained his legal services and the reason he agreed to represent me on a contingency basis.

9.  I am not capable of litigating my case before the federal court in pro se, in that, I neither have the legal training or experience to do so and further, to make matters worse, the self-help centers are closed due to the current pandemic.

10. I have had little time to secure new counsel and in fact, had a great deal of difficulty finding someone to help me prepare this opposition to the instant motion.

11. If the court is nevertheless inclined to grant my attorney's motion to withdraw as counsel, I am respectfully requesting that this honorable court allow me more time to find new counsel prior to discharging him of his duties and to stay any and all proceedings for a period of 90 days.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 11/23/2020

SY HEARN, Plaintiff

EXHIBIT A

From: Nick Bontrager nick@mblawapc.com
Subject: Your Wells Fargo Litigation
Date: Nov 19, 2020 at 11:28:10 AM
To: SYHEARN@yahoo.com
Cc: Tom Martin tom@mblawapc.com, Ric Teamor Ric@mblawapc.com

Sy-

Per your request, I am confirming that our firm is unable to offer you our representation regarding your pending claims against Wells Fargo.

We wish you the best of luck getting your matter resolved favorably.

Thanks.





Exhibit "A"

6

From: Alexis Arteaga
aarteaga@bwcounsel.com
Subject: Legal Inquiry
Date: Nov 6, 2020 at 4:32:33 PM
To: SYHEARN@yahoo.com

Hello Mr. Hearn,

Thank you for our earlier conversation. At this time, our attorneys are unable to assist you with your legal claim. After discussing the situation you described, it does appear as though the inquiry is too individual to be considered a class-action lawsuit (which is the only way our attorneys practice consumer related matters). I suggest locating an individual consumer attorney on a website like www.avvo.com or reaching out to a firm with experience against financial institutions. If you have any questions or concerns feel free to give me a call (310) 773-5082 or reply to this email.

Thank you for your time,

Alexis Arteaga
Legal Assistant, Broslavsky & Weinman LLP.

Exhibit "A"

7

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.     I am employed or reside in the County of Los Angeles, State of California, and I am over the age of 18 years and not a party to this action.

2.     My business address and telephone number is: Pro-Legal Services. (818)781-1610 Victory Blvd. Suite 203, Van Nuys, CA 91411.

3.     That on November 23, 2020, I served the following document(s) described as: OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF SY HEARN, on the interested parties by placing true and correct copies thereof enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| TODD M. FRIEDMAN, ESQ.<br>LAW OFFICES OF TODD M. FRIEDMAN, P.C.<br>(Representing Plaintiff, Sy Hearn)<br>21550 OXNARD ST. SUITE 780<br>WOODLAND HILLS, CA 91367<br>tfriedman@toddflaw.com | COURTNEY CAMILLA WENRICK, ESQ.<br>SEVERSON AND WERSON APC<br>(Representing Wells Fargo, N.A.)<br>19100 VON KARMAN AVE. SUITE 700<br>IRVINE, CA 92612<br>ccw@severson.com |
| ERICA DANIELLE HENDRICKS, ESQ.<br>SEYFARTH SHAW LLP<br>(Representing Equifax Information Services, LLC<br>2029 CENTURY PARK EAST SUITE 3500<br>LOS ANGELES, CA 90067<br>ehendricks@seyfarth.com | KRISTIN L. MARKER, ESQ.<br>Quilling Selander Lownds Winslett Moser PC<br>Representing Trans Union LLC)<br>6900 NORTH DALLAS PARKWAY SUITE 800<br>PLANO, TX 75024<br>kmarker@qslwm.com |

4.     __X__ BY FIRST CLASS MAIL I caused such envelope with postage and/or delivery charges thereon fully prepaid to be PLACED IN THE UNITED STATES MAIL at Van Nuys, California.

5.     BY OVERNIGHT DELIVERY I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop-box of the overnight delivery carrier.

6.     _ BY PERSONAL SERVICE I personally delivered the documents to the persons at the address listed in item 3.

7.     BY FAX TRANSMISSION based on the agreement of the parties to accept service by fax transmission, I faxed the documents to the persons listed in item 3 at the fax number listed in item 3.

8.     X   BY ELECTRONIC SERVICE I electronically served the documents to the persons listed in item 3 to the electronic service address listed in item 3.

1
PROOF OF SERVICE

I declare under penalty of perjury that the foregoing is true and correct.

Date: 11/23/2020

JOHN M CHAVEZ
_____
Name

_____
Signature

<007>

<007>

<007>

<007>

<007>

<007>

<007>

<007>

<007>

<007>

<007>

<007>

<007>

<007>

<007>

<007>

<007>

